IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY T. BARNETT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL NO. 5:12-CV-0322-CAR-CHW |
| | : | |
| BIBB COUNTY SHERIFFS OFFICE, et. al. | : | |
| | : | |
| Defendants | : | |

## ORDER OF DISMISSAL

Plaintiff Anthony T. Barnett, pre-trial detainee currently confined at the Bibb County Law Enforcement Center, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court has conducted a preliminary screening of his Complaint (ECF No. 9). 28 U.S.C. § 1915A(a). Having done so, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the

1

district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Nonetheless, a district court must dismiss a prisoner complaint after the initial review if (1) "it is frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right

2

of action." Id.  In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a ▪ 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in ▪ 1915A Ashall@ be dismissed).

### STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of the conditions of confinement at the Bibb County Law Enforcement Center ("Bibb County LEC").  Plaintiff, a pre-trial detainee, is apparently unhappy with both his accommodations and the way inmates are treated at

the prison. He complains that the prison is not sufficiently clean, does not provide adequate haircuts, out-door recreation, or access to legal materials, and does not conduct religious services for inmates. Plaintiff also alleges that prison officials have "tampered with" his "legal mail" and that his constitutional rights were violated when an officer took photographs of his hands "without a warrant" for use in his on-going criminal case.

The claims against each defendant will be addressed in turn below.

### A. Claims against the Bibb County Sheriff's Office, Captain Scarburry, Sergeant Davis, and John Doe Defendants

Though named as Defendants in his original Complaint, Plaintiff's Recast Complaint (ECF No. 9) fails to make any allegations against either Captain Scarburry, Sergeant Davis, or the John Doe Defendants. In fact, it appears that Plaintiff has dropped any claims he previously had against these individuals, as they are not even named as parties in the caption of the Recast Complaint.

Regardless, it is well settled that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged constitutional violations. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008). The "Bibb County Sheriff's Office" is also not an entity that may be sued under § 1983, Presnell v. Paulding County, Ga., 454 F. App'x 763, 768 (11th Cir. 2011) (Georgia county sheriff's department was not a legal entity subject to being sued), and fictitious party pleading is

not generally permitted in federal court, <u>Moulds v. Bullard</u>, 2009 WL 2488182 (11th Cir. Aug. 17, 2009); <u>Dean v. Barber</u>, 951 F.2d 1210, 1215 16 (11th Cir. 1992).

Therefore, to the extent that Plaintiff has named the Bibb County Sheriff's Office, Captain Scarburry, Sergeant Davis, and the John Does as Defendants in this action, they will be dismissed without prejudice.

  B. <u>Claims against Chief Jailer Neilson & Captain Hill</u>

Plaintiff does make allegations against Chief Jailer Neilson and Captain Hill in the Recast Complaint.  Plaintiff states that "Chief Jailer Neilson" is responsible complying with the "Inmate Handbook" and has failed to ensure that inmates have access to legal materials, out-side recreation time ("yard call"), haircuts, and religious services. Plaintiff also alleges that the Bibb County LEC is unsanitary because only small amounts of cleaning agents are used to clean large areas of the prison and that this cleaning is done only one day per week.  He likewise alleges that the kitchen workers are unclean and do not wear hairnets, face masks, or rubber gloves when handling food.  Plaintiff apparently spoke to Defendant Captain Hill about some of these complaints and was unsatisfied with his response.

Based on this, Plaintiff asserts that prison officials have violated both the Eighth Amendment's prohibition against cruel and unusual punishment and his First Amendment rights to freedom of religion.

    *1. Eighth /Fourteenth Amendment Claims*

As shown above, Plaintiff is a pretrial detainee at the jail. The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985). Under the Eighth Amendment (and the due process clause), prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care. See Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

Generally speaking, however, prison conditions rise to the level of an Eighth Amendment violation only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347. The Constitution does not mandate that prisons be comfortable; all that is required is that they be humane. Id. at 349; Farmer v. Brennan, 511 U.S. 825, 832 (1994). Thus, to state a claim regarding the conditions of confinement, a prisoner must allege that (1) conditions that are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind with regard to the conditions at issue." Brown v. Pastrana, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at 6-7 (S. D. Fla Sept. 4, 2008) (quoting Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)).

When considering whether a prisoner can establish the first prong of this test, the

Court questions whether the alleged conditions have deprived the prisoner of the civilized measures of life's necessities. To answer this question, the Court examines "the circumstances of each case," including severity and duration of the alleged deprivations (or a combination of both). See Williams v. Grant, No. CV408-203, 2009 U. S. Dist. LEXIS 95683 at *13 (N. D. Ga. Sept. 24, 2009). All must add up to an "extreme" or inhumane deprivation to be actionable. Id.

None of Plaintiff's allegations about the living conditions at the Bibb County LEC, even when considered in the aggregate, would support an Eighth Amendment claim. Inasmuch, the conditions about which Plaintiff complains do not describe any "extreme" deprivations or "inhumane" conditions of confinement. See id. A prison official's mere failure to comply with the "inmate handbook" is also not unconstitutional. See 42 U.S.C. § 1983 (providing a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution or federal law); Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The Court further notes that Plaintiff has not claimed to have suffered any type of physical injuries as a result of these conditions. Under federal law, a prisoner may not bring a civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." See also Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). As it appears Plaintiff sustained no physical injuries as a result of the conditions of his confinement, his claim regarding the living conditions at the jail is not actionable under 42 U.S.C. § 1983.

*2. First Amendment Claim*

Plaintiff's First Amendment rights are also not violated by a prison official's failure to organize and provide religious services. Plaintiff has no constitutional right to spiritual counseling from the prison. See Glittlemacker v. Prasse, 428 F.2d 1, 4 (3rd Cir. 1970). Though prison officials are required to provide prisoners facilities where they can worship and access *to* clergy or spiritual leaders, officials are not required to supply clergy or conduct religious services at state expense. See id. "The requirement that a state interpose no unreasonable barriers to the free exercise of an inmate's religion cannot be equated with the suggestion that the state has an affirmative duty to provide, furnish, or supply every inmate with a clergyman or religious services of his choice." Id.; see also, Lewers v. Pinellas County Jail, 2009 WL 3053702 * 3 (M.D. Fla. Sept. 18, 2009) ("the [c]ourt is not aware of any constitutional requirement that inmates be provided with religious materials at government expense).

For these reasons, the Court finds that Plaintiff has failed to state either a First or Eighth Amendment claim against Defendants Neilson and Hill. Moreover, even if Plaintiff had described a constitutional violation in his Recast Complaint, his claims against these Defendants appear to be based upon a theory of respondent superior or vicarious liability. Such claims are not actionable under § 1983. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir.

2003)), *vacated on other grounds*, 449 F.3d 1149 (11th Cir. 2006); see also Simpson v. Stewart, 386 Fed. Appx. 859, 861 (11th Cir. 2010) (allegations that sheriff was "responsible for the well-being of all the inmates in the jail" did not to state a claim).

Plaintiff's claims against Defendants Neilson and Hill will be dismissed without prejudice.

C. Claim against Defendant Major Jackson

Plaintiff also attempts a claim against Defendant Major Jackson. The Recast Complaint alleges that Plaintiff's "legal (privileged) mail has been tampered with without [his] being notified or present" and that this was done "under the invisement [sic] of Major Jackson." (Compl. at 7). Plaintiff claims that this action violates his right to "unlawful searches." Id.

Again, Plaintiff's allegations do not state a constitutional claim. Contrary to Plaintiff's assertion, the Constitution's protection against unreasonable search and seizures is not violated by an inspection of incoming prison mail. See Lavado v. Keohane, 992 F.2d 601, 607 (6th Cir.1993) ("[P]rison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security.") (citation omitted); Barker v. Wilkins, No. 2:09–cv–795, 2011 WL 3167069, at * 4 (M.D. Fla. July 27, 2011) ("Prison officials are afforded more leeway in regulating incoming mail because of the greater security risks inherent in

9

materials coming into an institution.").

Plaintiff's vague allegations are also insufficient to support any First Amendment claim. See e.g., Al–Amin v. Smith, 511 F.3d 1317, 1333–34 (11th Cir. 2008); see Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). The Complaint merely alleges that Plaintiff's legal mail is being "tampered with" outside his presence. The Complaint fails to sufficiently connect Major Jackson with this conduct or to identify what type of "legal mail" he had received. See Al– Amin v. Smith, 511 F.3d 1317, 1336 (11th Cir. 2008). There is also no suggestion that the mail was related to non-frivolous *pro se* litigation or that the acts inhibited his access to courts. See Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir.1998); Al– Amin, 511 F.3d at 1333.

Plaintiff's claims against Defendant Major Jackson will be dismissed without prejudice.

D. Claims against Lieutenant McMurray

Plaintiff's final claim is against Defendant Lieutenant McMurray. The Recast Complaint alleges that McMurray escorted Plaintiff from his cell to a "booking" area and required that Plaintiff allow photographs to be taken of his hands. Plaintiff alleges that these pictures will be used by the prosecution in his on-going criminal case and that this evidence was obtained in violation of his constitutional rights.

Plaintiff's allegations do not state a claim, and even if such allegations could

support a constitutional claim, this Court would not consider it. The United States Supreme Court case of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), request that federal courts refrain from interfering with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. Id. at 53. In this case, Plaintiff has an adequate remedy in the state courts; Plaintiff's evidentiary objection can certainly be raised in his ongoing criminal case. And, the mere fact that he must endure state criminal prosecution does not demonstrate irreparable harm. Id.

The claim against Lt. McMurray will thus also be dismissed without prejudice.

## CONCLUSION

Because Plaintiff failed to allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim against any Defendant, his Recast Complaint is hereby **DISMISSED**, **without prejudice**,[1] for failure to state a claim. See 28 U.S.C. § 1915A(b)(1).

This dismissal, however, does not relieve Plaintiff of his obligation to pay his filing fee. As previously ordered, Plaintiff is still obligated to pay the full $ 350.00 filing

---

1 Washington v. Wigington, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012) ("When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice."); see also Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*."(emphasis in original)).

fee, using the installment payment plan described in 28 U.S.C. § 1915(b).  Plaintiff shall continue to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.  In the event Plaintiff is released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee until it has been paid in full.  If Plaintiff is released from custody and fails to remit payments, collection of any balance due shall be authorized by any means permitted by law.

**SO ORDERED**, this 23rd day of October, 2012.

S/   C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

jlr